UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JESSE ESTES, )
)
Petitioner, )
v. ) No. 1:16-cv-3223-RLM-TAB
)
SUPERINTENDENT, Putnamville Correctional )
Facility, )
)
Respondent. )

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

### I. Introduction

Indiana inmate Jesse M. Estes was disciplined in a prison disciplinary action for possession of a controlled substance in prison case number NCF 16-04-0255. Contending that the proceeding was tainted by constitutional error, Mr. Estes seeks a writ of habeas corpus. Finding no error of constitutional magnitude, Mr. Estes' petition for writ of habeas corpus, dkt. 1, is **denied.**

### II. Factual Background

On April 26, 2016, New Castle Correctional Facility Officer Black was conducting a shake down of Estes' property box. Mr. Estes wasn't present. Officer Black found a white powder substance in the property box. The substance was taken to investigators by Sgt. Denny. Mr. Estes was given written notice of a charge of possession of a controlled substance, a B-202 violation.

Mr. Estes requested witness statements from three offenders, a video of the search to demonstrate that he was not present for the search, and additional testing of the substance. The inmate statements were obtained and are part of the record. The request for the video was denied as being irrelevant, and the request for outside testing was denied as being unreasonable. *See* dkt. 10-2.

The disciplinary hearing was held May 4, 2016. Mr. Estes attended, but declined to make a statement or comment. Offender Tison Randall's statement was considered. Mr. Randall reported that he had seen what he thought were milk packets and knew of no illegal substances possessed by Mr. Estes. Dkt. 10-3. The hearing officer also considered offender Jeffery Moore's statement that the shake down was conducted while Mr. Estes was gone and that Mr. Estes didn't have any drugs. Dkt. 10-4. Finally, the hearing officer considered offender Jeff Watson's statement that Mr. Estes had a white powder substance that was actually milk and that Mr. Estes drank it before and after workouts. Dkt. 10-5.

The hearing officer also considered staff reports, photographs of the white powder substance and a confidential e-mail from investigators, and found Mr. Estes guilty of the charged misconduct. Mr. Estes was sanctioned and filed this action after his administrative appeals were rejected.

The respondent agrees that Mr. Estes exhausted his administrative remedies before filing his petition.

### III. Legal Standard

Prisoners in Indiana custody can't be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644–45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S.

539, 570–71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

**IV. Mr. Estes' Claims and Analysis**

Mr. Estes raises four grounds for habeas corpus relief. First, he asserts that the conduct report states that a "bag" of a white powdery substance was found, but the photograph used in evidence at the hearing is a rubber glove, and that the photograph reflects a different case number than his disciplinary case. Dkt. 1, p. 2. Second, Mr. Estes asserts that he asked for video footage of the shake down but that his request wasn't addressed. *Id.* Third, Mr. Estes asserts that although a confidential report reported a positive test for cocaine, he wasn't personally tested with a drug screen, and his request for an outside test of the evidence wasn't addressed. *Id.* Fourth, and finally, Mr. Estes asserts that because the conduct report doesn't reflect a disposition of the physical evidence, the evidence "should be dismissed." Dkt. 1, p. 3.

Federal court review of prison disciplinary hearings is very narrow. The primary sources for these rights are *Wolff v. McDonnell*, 418 U.S. at 564-572 (setting forth the rights mandated by due process), and *Supt. v. Hill*, 472 U.S. at 453-457 (holding that sufficiency of the evidence claims are available and creating the "some evidence" standard). Mr. Estes' grounds for relief, construed liberally, can be re-framed as two claims: insufficiency of the evidence and denial of exculpatory evidence.

Any other grounds for relief Mr. Estes brings, such as an error in the process of the disciplinary procedures by not indicating on a report the final disposition of physical evidence, or mistakes in the labeling of evidence by incorrectly putting a wrong case number on an exhibit, state no due process claim in the circumstances of Mr. Estes' hearing. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding

because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import – and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas review.").

Sufficiency of the Evidence

Some of Mr. Estes' assertions can be construed as attacking the sufficiency of the evidence. Sufficiency of the evidence claims are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Supt. v. Hill*, 472 U.S. at 455-456.

Under the *Hill* "some evidence" standard, there was enough evidence to support the disciplinary conviction. A white powdery substance was found in Mr. Estes' property box, and internal testing was positive for a controlled substance. Dkts. 10-8, 12. This is "some evidence" that logically supports the conviction and shows that it is not arbitrary. *Ellison v. Zatecky*, 820 F.3d at 274. Mr. Estes' sufficiency of the evidence claim provides no basis for relief.

Denial of Exculpatory Evidence

Mr. Estes asserts that he was denied exculpatory video evidence of the shake-down. Mr. Estes doesn't explain exactly how such evidence would be exculpatory, but the court infers that he suggests that because he wasn't present during the shake down, that fact would be exculpatory. Evidence is exculpatory if it undermines or contradicts the finding of guilt, *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011), and it is material if disclosing it creates a "reasonable probability" of a different result. *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008). Any video evidence of the shake down would have been irrelevant as the hearing officer noted on his report. Dkt. 10-2. Mr. Estes was reportedly on the track at the time of the shake down, and Officer Black's report indicates the shake down was conducted when Mr. Estes was absent. Mr. Estes' absence is not disputed. The controlled substance was found in Mr. Estes' property box, which is the basis of the disciplinary action, so Mr. Estes' presence or absence during the shake down is irrelevant. Any video evidence of the shake down would not have been exculpatory, so denying Mr. Estes access to it wasn't a due process violation.

Federal constitutional principles don't require outside testing of a suspected controlled substance. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (per curiam) (holding that prison officials were not required to provide additional urinalysis by impartial laboratory to corroborate reports about prisoner's drug use). Thus the denial of Mr. Estes' request for outside testing was not a due process violation.

## V. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff v. McDonnell*, 418 U.S. at 558. Because Jesse Estes has not demonstrated that prison officials denied him due process during his prison disciplinary hearing, his petition for

a writ of habeas corpus is **denied** and this action is **dismissed**. Judgment consistent with this Entry shall now enter.

      **IT IS SO ORDERED**.

                                                  /s/ Robert L. Miller, Jr.
                                               United States District Judge
                                               Sitting by designation

Date:  October 17, 2017

Distribution:

Jesse M. Estes
121863
New Castle Correctional Facility
Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, In 47362

Electronically Registered Counsel